**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**JUANA ANTONIA GUZMAN-GOMEZ #A203-** **CASE NO.  3:26-CV-02296 SEC P**
**631-918**

**VERSUS**                                    **JUDGE JAMES D. CAIN, JR.**

**LISA BOWEN ET AL**                          **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion for Temporary Restraining Order" (Doc. 2) wherein Plaintiff, through counsel, moves for a Temporary Restraining to (1)  enjoin Defendants from transferring, removing or deporting Plaintiff out of this district, (2) order Defendants to file a report confirming Plaintiff's place of detention; (3) order Defendants to schedule a bond hearing before an immigration judge within seven (7) days; and grant any further relief the Court deems just and proper.

## BACKGROUND

Plaintiff alleges the following in her Petition for Writ of Habeas Corpus. She is a citizen of Honduras who is currently detained at Richwood Correctional Center, Richwood, Louisiana. On May 6, 2019, Plaintiff entered the United States without inspection near Presidio, Texas, which is not a designated port of entry for illegal immigrants. Allegedly, Plaintiff was encountered by U.S. Border Patrol and released from custody with no Notice to Appear filed with immigration court at that time.

According to Plaintiff, through counsel, the Department of Homeland Security ("DHS") canceled Plaintiff's charging documents.  Plaintiff suggests that there "were no

pending removal proceedings and no removal order against Plaintiff.[1]  In 2019, an Order of Release on Recognizance was issued due to Plaintiff being placed in removal proceedings.[2]  The documents submitted by Plaintiff note that Plaintiff has no immigration petition or application pending or approved by Citizenship and Immigration Services and thus, Plaintiff is not immediately eligible for adjustment of status.

Plaintiff has provided the Court with a document that appears to be issued June 4, 2026, that closes Plaintiff's case for failure to prosecute.[3]

## LAW AND ANALYSIS

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2

---

[1] Plaintiff's exhibit A.
[2] Doc. 1-2.
[3] *Id.*

(W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n].")); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A)     Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

First, there is no affidavit attached or a verified complaint that clearly shows that immediate and irreparable injury, loss, or damage will result to Plaintiff before the adverse party can be heard in opposition. Additionally, Plaintiff's attorney has not certified in writing of any efforts made to give notice and why it should not be required.  As such, the requirements of Rule 65 have not been met.

Substantively, as to Plaintiff's TRO, she has not shown a likelihood of success on the merits. While the document provided by Plaintiff notes that on June 4, 2026, Plaintiff's case was closed, the Court notes that she has a hearing set on July 6, 2026, before Judge Jon P. Calandruccio.[4] That docket entry date is June 6, 2026.  Thus, Plaintiff's case is still

---

[4] Acis.eoir.justice.gov/en/caseInformation

pending. Additionally, the bare allegations Plaintiff has raised are insufficient to show a likelihood of success on the merits.

Next, Plaintiff complains that she faces imminent risk of transfer out of this District and removal from the United States.  Plaintiff does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. See *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077 (1979). And courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. Substantively, claims regarding prison transfers are generally not cognizable under § 2241. See *Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008)) (district court lacked jurisdiction over a § 2241petition that challenged a transfer).

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

## CONCLUSION

Here, Plaintiff seeks immediate relief in the form of an order prohibiting her removal or transfer. To the extent Plaintiff seeks to impede the removal process, the Court considers this to be a shortcut around the habeas process. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order" (Doc. 2) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 7th day of July, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**