**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JUANA ANTONIA GUZMAN-GOMEZ** | **CIVIL ACTION NO. 3:26-cv-02296** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LISA BOWEN ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the court is a Motion for Order to Show Cause and for Expedited Consideration (doc. 7) filed by Juana Antonia Guzman-Gomez ("Petitioner") through counsel. Petitioner is an immigration detainee at the Richwood Correctional Center in Richwood, Louisiana, seeking release from detention. According to the petition, Petitioner is a native and citizen of Honduras who entered the United States on or about May 6, 2019, without inspection. Doc. 1, p. 3. She has been in U.S. Immigration and Customs Enforcement ("ICE") custody since May 14, 2026. *Id*. She seeks an order from this Court declaring her continued and prolonged detention unlawful and ordering Respondents to release her forthwith from their custody.

Petitioner asks the court to order the Government to respond to the petition within fourteen (14) days pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases

which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *see also Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, the motion (doc. 7) is **GRANTED IN PART** to the extent it generally seeks expedited briefing but **DENIED IN PART** to the extent it seeks priority consideration.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within 60 days after service of the petition or 21 days after the date of this Order, whichever shall first occur. Petitioner shall have 14 days to reply. After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

To the extent Petitioner requests an order that, during the pendency of his habeas petition, the Government be precluded from transferring or removing her and be required to give advance notice of any movement of Petitioner, such request seeks injunctive relief. Therefore, **IT IS FURTHER ORDERED** that the motion (doc. 7) is **DENIED IN PART WITHOUT PREJUDICE** with respect

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997).

to Petitioner's requests for injunctive relief; provided, Petitioner may pursue such claims, but shall do so by filing a separate pleading that is in compliance with Federal Rule of Civil Procedure 65 and Rule 65.1 of the Local Rules of the Western District of Louisiana.

**THUS DONE AND SIGNED** in chambers this 17th day of August, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**